## In re Kim E. HALLMARK, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 437950).

### No. 03–BG–762.

District of Columbia Court of Appeals.

Submitted June 3, 2010.
Decided June 10, 2010.

Before REID and OBERLY, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility has recommended that Respondent, a member of the Bar of this court, be disbarred under D.C.Code § 11–2503(a) (2001), because she was convicted of a number of crimes involving moral turpitude. Neither Respondent nor Bar Counsel opposes the Board's recommendation and report. We adopt the Board's recommendation.

In brief, as the Hearing Committee put it, "for a period of almost two years, Respondent swindled a series of landlords and prospective subtenants." The following, as found by the Board, is a representative example of what Respondent did:

### The New Jersey Avenue Premises

On or about April 14, 2000, Respondent leased an apartment from [K.G.] and [M.G.]. The check that Respondent initially tendered for a first month's rent and a security deposit was dishonored. Eventually, Respondent tendered a total of two months' rent and a security deposit, although she occupied the premises for ten months. On or about September 17, 2000, Respondent sublet the premises to Mr. [C.Y.]. Mr. [Y.] paid Respondent three months' rent for less than two months' occupancy; Mr. [Y.] vacated the premises when he learned that Respondent was not in fact the landlord. Meanwhile, Respondent sued the [G.s] regarding the premises, and they countersued seeking to evict Respondent. On December 11, 2000, the Superior Court ordered Respondent not to advertise, rent or collect rent on the New Jersey Avenue Premises. Notwithstanding the Court's order, Respondent continued to advertise the premises for rent and in January 2001 rented the premises to Mr. [J.T.], and received and deposited a check for rent from Mr. [T.].

In connection with the New Jersey Avenue Premises, Respondent pled guilty to theft from the [G.s] (in violation of 22 D.C.Code §§ 3211, 3212(b)); theft from Mr. [Y.] (in violation of 22 D.C.Code §§ 3211, 3212(b)); fraud on Mr. [T.] (in violation of 22 D.C.Code §§ 3211, 3212(b)); and contempt (in violation of 11 D.C.Code § 944(a)).

D.C.Code § 11–2503(a) says that "when a member of our bar has been 'convicted of an offense involving moral turpitude,' that attorney must be disbarred." *In re Sneed,* 673 A.2d 591, 594 (D.C.1996). "As the term is applied in our disciplinary cases, moral turpitude has been held to include acts of intentional dishonesty for personal gain." *Id.; see also In re Untalan,* 619 A.2d 978, 979 (D.C.1993) (per curiam) ("Our prior cases hold that crimes involving theft or fraud generally have been found to be crimes of moral turpitude."). Indeed, "the circumstances surrounding the commission of any crime involving an intent to defraud would have to be exceptional to warrant the conclusion that moral turpitude was not involved." *In re McBride,* 602 A.2d 626, 635 (D.C.1992) (en banc).

This settled law requires that Respondent be disbarred. All in all, Respondent caused over $40,000 in damages to her victims, and ended up pleading guilty to eight misdemeanor charges—five counts of theft, two counts of fraud, and one count of contempt of court—for her crimes. Thus, because she repeatedly defrauded others for personal gain, Respondent committed offenses involving moral turpitude and must be disbarred. *See, e.g., In re Sneed,* 673 A.2d at 594 (disbarring attorney who defrauded federal government of more than $15,000; by "actively participat[ing] in a scheme involving intentional dishonesty for personal gain," attorney committed acts involving moral turpitude); *In re Untalan,* 619 A.2d at 979 (disbarring attorney where Board concluded that attorney's conviction of theft was an offense that "contained the elements of a classic scam and was effected for respondent's personal gain").

Accordingly, it is ordered that Kim E. Hallmark be disbarred from the practice of law in the District of Columbia. The period of disbarment shall run, for purposes of reinstatement, from the date that Respondent files the affidavit required by D.C. Bar R. XI, § 14(g).

*So ordered.*